STAPDES, J.,
delivered the opinion of the court.
In this case the deputy sheriff levied the execution upon the effects of the debtor, a forthcoming bond was given, and the property subsequently delivered at the time and place appointed for the sale. Thereupon the *471 debtor claimed the benefit of the homestead exemption; the deputy sheriff surrendered the property to him, and returned the execution to the office with the following endorsement: “Executed by levying on eight head of horses, fifteen head of cattle, eighty head of hogs including pigs, twenty head of sheep, one stack of wheat, thirty bushels of wheat, four stacks of wheat, three hundred dozen oats; delivery bond taken.” Whereupon the defendant John D. Sims filed his homestead deed; commissioners were appointed to value his property, and nothing was left upon which this could act. This was in September, 1870. The present action was '^brought in 1876, to hold the sheriff liable for an alleged default of his deputy in failing to sell the property embraced in the levy.
Two facts are conceded: Eirst, that the debt was contracted prior to the adoption of the present Constitution; and therefore as to that debt, the debtor was not entitled to the homestead exemption. Secondly, that the deputy sheriff abandoned the lev}'’, and surrendered the property without demanding an indemnifying bond, and without even informing the plaintiff of the claim of homestead and the surrender of the property to the defendant. In this respect the case is very different from that of Huffman v. Leffel’s ex’or, reported in 32 Gratt. 41. In that case where the claim of homestead wasmade, the deputy sheriff informed the creditor of the fact, and required an indemnifying bond to be given — which was not done; and then the officer refused to proceed with the levy and sale. It was held by the circuit judge that even this state of facts did not release the sheriff from liability, because the constitutional provision exempting property as against antecedent debts is null and void; and there was no such doubt with respect to the liability of the debtor’s effects to levy and sale as warranted the sheriff in demanding indemnity. And this court had at first some difficulty in reversing the judgment. Tt was, however, finally decided, that the unsettled state of the law with respect to the validity of these exemptions as applied Jo antecedent debts, the great diversity of opinion on that subject, among judges and members of the bar, in this and other states, un ■ til the adjudication by this court and the supreme court of the United States, justified the sheriff in demanding an indemnifying bond, and in refusing to proceed with the levy upon the refitsal of the creditor to give the bond. But a reference to the opinion of the court in *that case as delivered by Judge Burks, will show that the exemption of the sheriff from liability was placed almost exclusively upon the ground that the creditor had been requested, and had refused to give the indemnity. Judge Burks said — “There could be no doubt that the sheriff is liable to the relator for the full amount of the execution unless he has been excused from making seizure and sale of the property by the failure or refusal of the plaintiff in the execution to give the indemnifying bond which was required of him.”
This rule thus laid down is decisive of the present case unless it is now to be abandoned. We see no reason for so doing. When an officer deliberately surrenders property he has seized under execution he does so at his peril, unless he can show it was not justly liable to levy. In every such case he takes upon himself the burden of establishing the exemption. Herman on Executions, §412; Ereeman on Executions, § 254. In the condition of things existing in this State before the courts had finally passed upon the constitutionality of the homestead exemption as applied to pre-existing debts, no isheriff or other officer was under any obligation to take upon himself the responsibility of disregarding the exemption. Neither was he authorized, on the other hand, to assume the power of deciding that these exemptions were valid. The law afforded him an easy remedy for avoiding every difficulty, and of relieving himself of all liability on the subject, and if he did not choose to avail himself of it the loss must fall upon him, and not upon the creditor. Code of 1873, ch. 349, § 4.
That the deputy did have doubts in the present case is obvious from the fact that when the exemption was claimed he declared he would not sell the property till he could see further. What further enquiries he *made, if any, does not appear. It is not pretended that he ever notified the creditor of the claim of homestead, or of his surrender of the properly. Why he did not do so, we are not informed. His counsel suggests that the creditor resided in a different county. If this be so, it would constitute no valid excuse. On 1he contrary, the fact of such non-residence would seem to make it the more important to inform the creditor, that he might take the necessary steps for protecting himself.
The real difficulty in this case grows out of the long delay of the plaintiff in bringing this suit. From which it has been argued with some force, that he must have been content with the action of the deputy sheriff in refusing to sell; and the present action is an after'thought, due to the decision of this court in the “homestead cases.” It seems, however, the decision in the homestead cases was made in 1872; and as already stated, this suit was instituted not till 1876, so that there must have been some other cause for the delay. That cause is found in the fact that the plaintiff some time after the abandonment of the levy by the deputy, filed his bill in equity to subject the debtor’s real estate to his judgment. That suit was greatly delayed by an appeal to this court by some of the parties. Finally a decree of sale was obtained in 1875 or 1876; but the plaintiff only realized part of his debt — and then, Ihis action was commenced. In this connection it has been very properly urged by ap-pellee’s counsel, that the bill in equity was in aid of the sheriff: that the creditor instead of embarking in a doubtful controversy with the sheriff, very properly first exhausted all his remedies against his debtor; and it was only after this was done he has attempted to hold the officer liable for the default of his *472 deputy: and furthermore that liability being fixed, cannot be ^affected by any mere delay in bringing the action short of the statutory period of limitation.
In addition to all this it may be. observed that the parties went to trial upon a single issue: the defendants on one side, alleging that the deputy sheriff was justified in surrendering the property to the debtor, because it was exempt under the Constitution and laws of the State; and the plaintiff alleging that his debt was contracted before the Constitution and laws were adopted, and therefore the pretended exemption was invalid. This was the single point in controversy. Neither in the pleading nor in the evidence is there anything said with reference to the supposed ratification or acquiescence on the part of the plaintiff in the proceedings of the deputy sheriff. Had the point been directly presented in the court below as matter of defence, it is impossible to say the plaintiff could not successfully have answered it. At all events this court could no-t undertake to say that the judgment is erroneous upon a mere matter of argument in this court baáed upon a supposed state of facts which might be affected by extraneous evidence. For these reasons we are of opinion the judgment of the circuit court must be affirmed.
Judgment affirmed.